IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WAYNE SCOTT SEGURA,

    Plaintiff,

v.                                                                                                          No. 1:24-cv-1259 JCH/DLM

JOSEPH MONTANO and
JASON MTCLAIRE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Wayne Scott Segura's Prisoner's Civil Rights Complaint, (Doc. 1), filed December 13, 2024. Plaintiff was incarcerated as a pretrial detainee when he initiated this action and is proceeding *pro se*. Plaintiff challenges his pretrial detention and bail pending a state court criminal trial. Plaintiff also filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, (Doc. 2, "IFP Motion"), and two Motions for Speedy Trial, (Docs. 3 and 4). Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss the Complaint without prejudice to filing a habeas proceeding and deny the IFP Motion and Motions for Speedy Trial as moot.

## BACKGROUND

Plaintiff filed his Complaint under 42 U.S.C. § 1983 and alleges he was improperly denied bail, held in pretrial detention based on false allegations, and denied the right to question his accuser. (Doc. 1) at 2-4. He names as defendants a state district court judge and an assistant district attorney, and he asks the Court to release him from pre-trial detention. *Id.* at 1-2, 5. In his Motions for Speedy Trial, Plaintiff asks the Court to dismiss his state case because his trial has not commenced within the time-period required by state law. (Docs. 3 and 4).

**STANDARDS GOVERNING INITIAL REVIEW**

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints. The Court must dismiss any such complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* However, it is not the "proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

**ANALYSIS**

The Complaint is brought under 42 U.S.C. § 1983 against state district Judge Joseph Montano and state prosecutor Jason Mtclaire. (Doc. 1) at 1. Prosecutors are absolutely immune from suit for actions "taken in connection with the judicial process." *Imbler v. Pachtman*, 424

U.S. 409, 431 (1976); *Hinton v. Dennis*, 362 Fed. App'x 904, 907 (10th Cir. 2010) ("State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process."). This includes actions in pretrial detention or bail proceedings. *See Lerwill v. Joslin*, 712 F.2d 435, 437-38 (10th Cir. 1983). Judges are similarly immune from suit based on actions taken in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Sawyer v. Gorman*, 317 Fed. App'x 725, 727 (10th Cir. 2008) ("[Plaintiff's] allegations against Judges McNally and Way—challenging the imposition of a $25,000 bail ... clearly implicates actions taken in the judges' judicial capacity, and ... not in the absence of all jurisdiction. [The judges] are therefore absolutely immune from [the] damages claim against them."). The only exception is when a judge "acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). Plaintiff's claims are against a state district judge acting in a state criminal case, so the state judge had jurisdiction over Plaintiff's pretrial detention. The claims against Defendants Montano and Mtclaire are therefore barred.

Having determined the complaint must be dismissed, the Court will *sua sponte* consider whether to allow Plaintiff to amend the pleading. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* prisoners should normally be given an opportunity to remedy defects in their pleadings. *Id.* However, courts need not order an amendment when any amended claims would also be subject to immediate dismissal under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). As a matter of law, Plaintiff cannot maintain a civil suit against the judge and prosecutor in his state criminal case. Instead, "a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to ... 28 U.S.C. § 2241." *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007); *see also Wilkinson*

*v. Dotson*, 544 U.S. 74, 78 (2005) (explaining a prisoner cannot use a § 1983 action to challenge the fact or duration his confinement, and such challenges must be raised in a separate action seeking habeas relief); *Gee v. Murphy*, 325 Fed. App'x 666, 669 (10th Cir. 2009) (distinguishing a habeas action from a civil rights action). The Court therefore declines to *sua sponte* order an amendment and will dismiss the Complaint without prejudice to filing a habeas proceeding. The Court will direct the Clerk's Office to mail Plaintiff a form 28 U.S.C. § 2241 petition. The Court will also deny Plaintiff's IFP Motion and Motions for Speedy Trial as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e); and the Court will enter a separate judgment consistent closing the civil case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, (**Doc. 2**), and Motions for Speedy Trial, (**Docs. 3 and 4**), are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk's Office shall **MAIL** Plaintiff a form 28 U.S.C. § 2241 habeas petition along with a form application to proceed *in forma pauperis*.

_____
SENIOR UNITED STATES DISTRICT JUDGE